IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DORA BETH HOVIS,                )
                                )
        Plaintiff,               )
                                )
    v.                          )   Civil Action No. 17-1530
                                )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
        Defendant.               )

O R D E R

AND NOW, this 24th day of September, 2018, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Supplemental Security Income ("SSI") benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh

the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in formulating her residual functional capacity ("RFC") in regard to her fibromyalgia and mental impairments and, ultimately, in finding her to be not disabled. The Court finds no merit in Plaintiff's contentions and finds that substantial evidence supports the ALJ's decision.

In regard to her fibromyalgia, Plaintiff argues that the ALJ erred in not giving more weight to the opinion of her treating physician, Randy Kreider, M.D. The Court disagrees and finds that the ALJ provided an adequate basis for assigning little weight to this opinion. First, the Court notes that Dr. Kreider's opinion did not directly address Plaintiff's functional limitations; instead, he opined that Plaintiff "is totally disabled from full time work at any occupation due to [her[ chronic progressive condition which will never improve and only get worse." (R. 416). It is well established that a physician's statement that a claimant is "disabled" or "unable to work" is not binding on the ALJ, as opinions as to whether a claimant is disabled is reserved to the Commissioner of Social Security. See 20 C.F.R. § 416.927(d)(1); Griffin v. Comm'r of Soc. Sec., 305 Fed. Appx. 886, 891 (3d Cir. 2009); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). The ALJ, in fact, cited this as one of the reasons for giving the opinion little weight, particularly in light of the lack of evidence that Dr. Kreider was familiar with Social Security rules and evidentiary requirements. (R. 18). Accordingly, the ALJ was not required to accept the opinion of Dr. Kreider to the extent that he opined merely that Plaintiff was disabled.

Further, the ALJ provided an adequate explanation for giving little weight to this opinion in any event. As noted, Dr. Kreider has treated Plaintiff, and it is true that when assessing a claimant's application for benefits, the opinions of the claimant's treating physicians generally are to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations in place at the relevant time provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 416.927(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. (The Court notes that Section 416.927, rather than Section 416.920c, applies since Plaintiff's claims were filed before March 27, 2017.) As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although she may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429.

However, it is also the case that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician

opinions often deserve more weight than the opinions of doctors
who review records, "[t]he law is clear . . . that the opinion of a
treating physician does not bind the ALJ on the issue of functional
capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d
Cir.2011). State agent opinions merit significant consideration as
well.

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part). Here, the ALJ included in her decision a substantial discussion as to why she gave little weight to Dr. Kreider's rather general opinion, including a discussion of its inconsistency with the objective medical evidence and Plaintiff's conservative and largely effective treatment. While Plaintiff argues that her relatively unremarkable clinical findings and conservative treatment record are not necessarily inconsistent with fibromyalgia, the ALJ did not determine that such findings and treatment were inconsistent with Plaintiff's diagnosis of fibromyalgia, but with the level of debilitating pain to which she testified and to Dr. Kreider's opinion of total disability. (R. 17-18).

Moreover, the ALJ did not rely solely on the objective medical evidence, but also noted that Dr. Kreider's opinion of total disability was inconsistent with the other opinion evidence, particularly that of consultative examiner Khalid Malik, M.D. (R. 283-295). As the ALJ discussed, Dr. Malik's objective findings were unremarkable, and included findings of stable, non-tender joints, full strength, and no sensory deficits or muscle atrophy. (R. 18). In giving Dr. Malik's opinion partial weight, the ALJ included most of the limitations suggested by the consultant, explained the basis for not including those he rejected, and actually included greater limitations as to walking and standing in Plaintiff's RFC. (R. 18-19). Given this thorough consideration of the opinion evidence, and the fact that Dr. Malik, unlike Dr. Kreider, opined as to Plaintiff's functional limitations, the ALJ had an appropriate basis for giving more weight to Dr. Malik's opinion than to Dr. Kreider's cursory one in formulating the RFC. The Court further notes that the limitations included by the ALJ in Plaintiff's RFC were also more restrictive than those to which the state reviewing agent opined. (R. 89-90). Accordingly, there is substantial evidence supporting the ALJ's formulation of Plaintiff's RFC as it relates to her physical limitations caused by fibromyalgia.

Plaintiff's argument that the ALJ inadequately accounted for her mental limitations in the RFC fares no better. She asserts that the ALJ should not have relied on the opinion of one of her treating psychiatrists, Jeffrey Moll, M.D. (R. 473-77), in any way because it was completely unsupported by the record. However, Dr. Moll was a treating medical professional whose opinion, as discussed above, the ALJ was required to consider. More importantly, though, the ALJ did not rely merely on Dr. Moll's opinion, but also on Plaintiff's treatment record, her mental status examinations and global assessment of functioning scores, and the opinion of state reviewing agent Lisa Cannon, Psy.D., in determining Plaintiff's RFC. (R. 19-21). Indeed, Dr. Moll opined that Plaintiff had essentially no mental functional limitations, but the ALJ included a number of such limitations in the RFC. (R. 15, 473-77). The ALJ, in fact, gave only partial weight to Dr. Moll's opinion, noting that it was not entirely consistent with the record evidence and that Plaintiff had only treated with Dr. Moll a few times. (R. 20-21).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and that Defendant's Motion for Summary Judgment (document No. 9) is GRANTED.

s/Alan N. Bloch  
United States District Judge

ecf:      Counsel of record

---

Plaintiff further suggests that the ALJ misrepresented her objective medical findings, focusing only on those parts that supported her decision. However, the Court finds that the ALJ's review of the record was thorough and balanced, particularly in light of the well-established principle that an ALJ need not discuss every piece of evidence in the record as long as the reviewing court can determine the basis for the decision. See Fargnoli, 247 F.3d at 42; Tisoit v. Barnhart, 127 Fed. Appx. 572, 575 (3d Cir. 2005). What Plaintiff actually appears to be doing is to argue that certain evidence in the record supports her testimony as to the limiting effects of her mental impairments. However, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." Malloy v. Comm'r of Soc. Sec., 306 Fed. Appx. 761, 764 (3d Cir. 2009). Indeed, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. See Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986); Berry, 738 F. Supp. at 944 (citing Cotter, 642 F.2d at 705). Here, the opinions of Drs. Moll and Cannon, as well as the objective medical evidence and Plaintiff's treatment history, provide substantial support for the ALJ's determination of Plaintiff's mental RFC.

Accordingly, for all of the reasons stated herein, the Court affirms the ALJ's decision.